# Law Offices of David M. Schlachter, LLC

579 Main Avenue  
Passaic, NJ 07055  
973 272-4768

www.LawDMS.com  
DavidS@lawdms.com  
973 272-4167 (fax)

David M. Schlachter, Esq. – NY, NJ

May 25, 2012

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 5/29/12



Hon. Cathy Seibel, U.S.D.J.  
United States District Court  
Southern District of New York  
300 Quarropas Street  
White Plains, NY 10601-4150

    Re:  Our File No. 11-1334  
       Campbell v. Bank of New York  
       Southern District of New York  
       <u>Docket No. 11-CV-01588</u>

Dear Judge Seibel:

  Plaintiff would like to respectfully object to the thorough report given by the Hon. Paul E Davidson. While the recommendation is logically and legally sound, Plaintiff brings up the following points:

First, this Court already read papers and heard argument on vacating the Default in this matter. This Court then denied Defendants' motion to vacate the Default. That determination was correct, made after reviewing papers and arguments, and should not be vacated *sua sponte*.

Second, now that Defendants are defaulted, they should not have the ability to contest this matter or request more specific statements. This means that even if the Complaint is ambiguous Plaintiff should be allowed to explain it to the Court upon Inquest. Defendants are no longer entitled to object based on the ambiguity because Defendants defaulted.

All of the points made at Inquest were in the Complaint. As the Court knows, the Complaint was written *pro se*. However, the Complaint also had all the documents attached to it. The only 'new' evidence submitted by Plaintiffs is their affidavits. All claims are based on the exhibit documents attached to the Complaint. Therefore, Plaintiffs have a right to explain the Complaint and the Claims at Inquest.

This applies to all the claims that are dismissed "without prejudice" because they are no voided by the Rooker-Feldman Dcotrine.

Third, even if one claim survives then at the very least attorney fees should be granted. There is one viable claim, even if no damages are rewarded, then attorney fees are appropriate. Defendants cannot contest because Defendants are in default.

*Evening and Sunday Appointments Available!*

05/25/2012 11:25 9732724167 LAW OFFICES OF DMS PAGE 03/03
Case 7:11-cv-01588-CS-PED   Document 49   Filed 05/29/12   Page 2 of 3

Page 2 of 2

Further, if the Court needs more explanation then Plaintiffs request a hearing where they can bring testimony and evidence to support the claims made in their Complaint. Additionally, because Defendants were allowed to present evidence at Inquest, evidence not previously disclosed to Plaintiffs, then Plaintiffs have a right to demand discovery.

Plaintiffs requested the ability to do so but the Court upon Judge Davidson's direction discovery was prohibited. However, Plaintiffs point out the inequity when Defendants (who were defaulted) were allowed to 'surprise' Plaintiffs at Inquest (when at an actual trial that would not be allowed).

Finally, should the Court agree that all claims should be dismissed, most without prejudice, then this Court should allow Plaintiff the opportunity to file an Amended Complaint to be served upon Defendants' current counsel (to avoid issues of Default).

We thank the Court for its consideration.

Very truly yours,

*David M Schlachter*

David M. Schlachter

Cc: Philip Scott
    Hon. Paul E Davidson
    Theodora D. Vasilatos, Esq. Zeichner Ellman & Krause LLP, Defendants' counsel

DMS/dms

# Law Offices of David M. Schlachter, LLC

579 Main Avenue, Suite L6  
Passaic, NJ 07055  
973 272-4768

www.LawDMS.com  
DavidS@lawdms.com  
973 272-4167 (fax)

David M. Schlachter, Esq. – NY, NJ

# FACSIMILE

| To: | Name: | Hon. Cathy Sibel, U.S.D.J.<br>Cc: Hon. Paul E Davidson<br>Cc: Theodora D. Vasilatos, Esq. |
|---|---|---|
| | Company: | United States District Court<br>Cc: Zeichner Ellman & Krause |
| | Location: | |
| | Telephone: | |
| | Facsimile: | 914-390-4278<br>Cc: 914 390-4256<br>Cc: 212 753-0396 |
| From: | Name: | David M. Schlachter |
| | Date: | May 25, 2012 |
| | Pages: | 3(including this page) |

**Campbell v New York Case**  
**7:11-cv-01588-CS-PED**

*Evening and Sunday Appointments Available!*