UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BARBARA CAMPBELL, MARLENE GAETHERS
LANGLEY, and PHILLIP SCOTT,

                                                             Plaintiffs,        11-CV-1588 (CS) (PED)

        - against -                               **ORDER**
                                                                    **ADOPTING REPORT**
THE BANK OF NEW YORK TRUST COMPANY,      **AND RECOMMENDATION**
N.A. and JP MORGAN CHASE BANK, N.A., F/K/A JP
MORGAN CHASE AS TRUSTEE,

                                               Defendants.
------------------------------------------------------------------x

Appearances:

David M. Schlachter, Esq.
Law Offices of David M. Schlachter, LLC
Passaic, New Jersey
*Counsel for Plaintiffs*

Steven S. Rand, Esq.
Zeichner Ellman & Krause LLP
New York, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is the Report and Recommendation of Magistrate Judge Paul E. Davison dated May 8, 2012 (the "R&R"). (Doc. 48.) Familiarity with prior proceedings is presumed.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days

after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).

Plaintiffs have not objected to any of the specifics of Magistrate Judge Davison's ruling, or provided authority suggesting he made legal or factual error. Rather, they have submitted a short letter that, to the extent I comprehend it, complains generally that Defendants' default has not resulted in a money judgment. (Doc. 49.) But Plaintiffs have provided no authority undercutting the reasons advanced by Judge Davison as to why they are not entitled to such a judgment notwithstanding the default. Reviewing the R&R for plain error in the absence of specific objections, *see Donachie v. Liberty Life Assurance Co. of Boston*, No. 04-CV-2857, 2012 WL 2394829, at *1 (E.D.N.Y. June 25, 2012) (*de novo* review required to extent party makes specific objections clearly aimed at particular findings in R&R; where objections are conclusory or general or simply reiterate original arguments, review is for plain error), I find none. Further, even if I were reviewing the R&R *de novo*, I find Plaintiff's objections meritless

essentially for the reasons set forth in the R&R and by Defendants in their responsive letter, (Doc. 50).

Accordingly, I adopt the R&R as the decision of the Court. The Default Judgment, (Doc. 9), is hereby VACATED. Plaintiffs' claims for fraud and misrepresentation, wrongful foreclosure, slander of title, slander of credit, violation of the Fair Credit Reporting Act (the "FRCA"), 15 U.S.C. § 1681s-2(a), and violation of the Federal Criminal Code, 18 U.S.C. §§ 1503, 1623(a), are DISMISSED WITH PREJUDICE. Plaintiffs' claims for intentional and negligent infliction of emotional distress, unjust enrichment and constructive trust or accounting, breach of fiduciary duty, gross negligence, legal malpractice, violation of New York General Business Law § 349, violation of the FCRA, 15 U.S.C. § 1681s-2(b), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, are DISMISSED WITHOUT PREJUDICE. Plaintiffs may file an Amended Complaint within 21 days of the date of this Order. If an Amended Complaint is filed: 1) Defendants shall answer, or request a pre-motion conference, within 21 days of the filing of the Amended Complaint; and 2) the parties shall appear for a conference on September 7, 2012, at 9:45 a.m.

SO ORDERED.

Dated: July 18, 2012
       White Plains, New York

                                                  CATHY SEIBEL, U.S.D.J.