# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

STEVEN S. RAND
(212) 826-5307
srand@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

October 4, 2012

**BY FACSIMILE** (914) 390-4278

Honorable Cathy Seibel
United States District Judge
The Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

*[Handwritten annotations: Pre-motion conference to be held on: NOVEMBER 9, 2012 @ 2:30pm. Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance. The 10/12/12 conference is adjourned to 11/9/12, the date of the premotion conference. So ordered. Cathy Seibel, U.S.D.J. Dated: 10/5/12]*

**Barbara Campbell v. The Bank of New York Trust Company, N.A. et al.**
**Case No. 11 cv 1588 (CS)**

Dear Judge Seibel:

This firm is counsel to defendants The Bank of New York Trust Company, N.A. ("BONY"), JPMorgan Chase Bank, N.A. ("JPMC"), GMAC Mortgage, LLC ("GMAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and RAMP Series 2005-RZ3 Trust ("Trust" who together with BONY, JPMC, GMAC and MERS shall be referred to collectively as the "Defendants")[1] in the above-captioned action. On September 13, 2012, plaintiffs filed a second amended complaint (the "Complaint") in this action pursuant to this Court's August 13, 2012 Order entered in the related case of Phillip Scott v. The Bank of New York Trust Company, N.A. et al. Docket No. 12-CV-2607 (CS) (the "Scott Case"). Defendants intend to make a motion to dismiss the Complaint and by this letter request leave from this Court to make such motion in accordance with Your Honor's Individual Rule 2.A.

As explained below, plaintiffs' claims fail to state a cause of action, are devoid of merit, are barred by the Rooker-Feldman Doctrine, applicable statute of limitations, *res judicata* and ordinary preclusion principles. For the reasons set forth below, this action warrants dismissal.

---

[1] Plaintiffs have incorrectly sued the Defendants as The Bank of New York Trust Co., JP Morgan Chase Bank, N.A, GMAC Bank, LLC., Mortgage Electronic Registration Service, Inc., and 2005 RS3 RAMP Series 2005-RS3 Trust, as Trustee. Defendants are attempting to amend the caption by stipulation.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Cathy Seibel
October 4, 2012
Page 2

Plaintiffs claim (1) that BONY and JPMC engaged in fraud and theft by bringing fraudulent foreclosure proceedings and by taking the $196,764.37 "satisfaction" funds from plaintiffs when neither BONY nor JPMC owned the loan subject to foreclosure; (2) that JPMC converted a $258,040.90 insurance check issued for repairs to plaintiffs' fire-damaged property and that Defendants wrongfully took from plaintiffs an additional $170,000.00 that plaintiffs purportedly put into the property for repairs/maintenance out of their pockets; (3) that Defendants committed wire fraud by using wires to transfer the $196,764.37 "satisfaction" funds and the $258,040.90 insurance proceeds in their accounts; (4) that JPMC slandered and destroyed plaintiff Phillip Scott's credit when it commenced its fraudulent foreclosure action; (5) that Defendants engaged in fraud and that the court must quiet title to the property because Defendants do not own the original note and because the assignments of mortgage between Defendants are invalid, fraudulent and the product of robo-signing; (6) that Defendants violated the Homeownership and Equity Protection Act ("HOEPA"), the Fair Housing Act ("FHA"), General Business Law § 349 ("GBL") and the Civil Rights Act; (7) that the loan is high cost under Banking Law § 6-l and sub-prime under Real Property Actions and Proceedings Law § 1304 ("RPAPL"); and (8) that BONY and JPMC have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), because while they allegedly did not own the loan and did not have standing to maintain their respective foreclosure proceedings, they brought fraudulent foreclosure actions, absconded with the $258,040.90 insurance check, and wrongfully received the $196,764.37 "satisfaction" funds.

Each of plaintiffs' foregoing claims is insufficiently plead to state a cause of action against Defendants. Further, claims (1) (as to fraud), (4) and (5) above were dismissed with prejudice by this Court's July 18, 2012 Order (which dismissed with prejudice plaintiffs' claims for fraud, misrepresentation, wrongful foreclosure, slander of credit, and slander of title *inter alia*) and are therefore barred by *res judicata*[2].

By submission of documentary evidence, Defendants will prove that the $258,040.90 insurance proceeds were fully disbursed to plaintiffs, that Defendants received only $109,764.37 (and not $196,764.37) of plaintiffs' monies to reinstate the loan (and not to satisfy it), and that claim (2) and claim (1) (as to theft of the "satisfaction" funds) are devoid of merit. Plaintiffs' claim (3), asserting wire fraud, warrants dismissal because there is no private right of action for wire fraud. See Official Publications, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir.1989).

---

[2] By Order dated July 18, 2012, this Court adopted in its entirety the Report and Recommendation of Magistrate Judge Paul E. Davison, which stated that plaintiffs' claims (1) (as to fraud), (4) and (5) are barred by the Rooker-Feldman doctrine.

681544.3

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Cathy Seibel
October 4, 2012
Page 3

Plaintiffs' claim (6) alleging HOEPA, FHA, GBL § 349, and Civil Rights Act violations is time barred. The respectively applicable one, two, and three year statute of limitations periods have long expired since the loan was originated (June of 2005). See Johnson v. Scala, 2007 U.S. Dist. LEXIS 73442 (S.D.N.Y. 2007); Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 289 2011 U.S. Dist. LEXIS 57149 (S.D.N.Y. 2011); Blue Cross and Blue Shield of New Jersey, Inc. v. Phillip Morris, Inc., 178 F. Supp.2d 198, 271 (E.D.N.Y. 2001). Additionally, HOEPA does not apply because the instant loan was a purchase money mortgage loan. Johnson, 2007 U.S. Dist. LEXIS 73442.

To the extent plaintiffs' RICO claim (8) alleges injuries resulting from the state court judgment of foreclosure and sale (emotional distress and depression because of Defendants' fraudulent foreclosures) such claims are barred under the Rooker-Feldman doctrine for the reasons stated above. To the extent plaintiffs allege they suffered injuries from Defendants' purported conversion of the insurance proceeds and wrongful receipt of the "satisfaction" funds, such RICO claims are insufficiently plead, because plaintiffs, *inter alia*, fail to allege predicate acts of racketeering under 18 U.S.C. § 1961, or a violation of 18 U.S.C. § 1962 (a)-(d). Accordingly, plaintiffs' RICO claims fail as a matter of law and must be dismissed.

Plaintiffs' claim (7) as well as all other claims of plaintiffs are barred by the doctrines of *res judicata* and collateral estoppel. Under New York law, a final judgment on the merits precludes the parties from relitigating issues that were or could have been raised in that action. Beckford v. Citibank, N.A., 2000 U.S. Dist. LEXIS 15549, 2000 WL 1585684 (S.D.N.Y. Oct. 24, 2000) (citing Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466, 482, 483 n.24, 72 L. Ed. 2d 262, 102 S. Ct. 1883 (1982)); Clarke v. Frank, 960 F.2d 1146, 1150 (2d Cir. 1992) (Claim preclusion prevents a party from litigating any issue or defense that could have been raised or decided in a previous suit, even if the issue or defense was not actually raised or decided). The doctrine applies to defenses to a foreclosure action. Beckford, 2000 U.S. Dist. LEXIS 15549. All of plaintiffs' claims could have been raised at any point during litigation of the foreclosure action.

For the reasons stated above, it is respectfully requested that this Court grant Defendants' request for a pre-motion conference. A pre-motion conference (assuming this Court grants same) may obviate the status conference currently scheduled on October 12, 2012 at 4:30 pm.

Respectfully submitted,

Steven S. Rand

cc:   David M. Schlachter (By E-mail and First Class Mail)

681544.3

# ZEICHNER ELLMAN & KRAUSE LLP

**FAX TRANSMITTAL**

575 Lexington Avenue  
New York, New York 10022  
www.zeklaw.com

New York  
New Jersey  
Connecticut

Reception: (212) 223-0400  
Fax No.: (212) 753-0396 / 753-0646

| Date: | Thursday, October 04, 2012 | Total Pages (Including cover): | Four (4) |
|---|---|---|---|
| From: | Steven S. Rand, Esq. | E-Mail: | srand@zeklaw.com |
| Direct Dial: | (212) 826-5307 | Client-Matter: | 10029.051 |

| Deliver to: | Company: | Fax No.: | Voice No.: |
|---|---|---|---|
| Honorable Cathy Seibel | Federal Building and United States Courthouse | (914) 390-4278 | (914) 390-4271 |

## MESSAGE:

**Campbell v. The Bank of New York Trust Company, N.A., et al.**  
<u>Docket No. 11-CV-01588-CS-PED</u>

#683599v1/SSR/10029.051