# Law Offices of David M. Schlachter, LLC

579 Main Avenue, Suite L6    www.LawDMS.com
Passaic, NJ 07055    DavidS@lawdms.com
973 272-4768    973 272-4167 (fax)

David M. Schlachter, Esq. – NY, NJ

November 5, 2012

Hon. Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    **Our File No. 11-1334**
               **Campbell v. Bank of New York**
               **Southern District of New York**
               **Docket No. 11-CV-01588**

Dear Judge Seibel:

      Plaintiffs would like to respectfully object to the letter submitted by Defendants dated October 4, 2012. Plaintiff makes the following points.

First, this action is not barred by the Rooker-Feldman doctrine. The sole judgment reached in State Court was for an action of foreclosure, granting *in rem* relief to one of the Defendants. The relief comprised solely of the that single Defendant's ability to execute its mortgaged lien on the property and sell it to regain the judgment amount. The judgment itself was not for money. As to *res judiciata*, no Court reached any decision because no counterclaims were filed in the Supreme Court action. Part of this action is allegations that Defendants conducted that litigation in a way preventing Plaintiffs from responding to that action.   Further, there are several more parties in this action that were not named or involved in the previous action and thus, there is no Rooker-Feldman doctrine or *res judicata* applicability to those parties.

Second, every cause of action in the complaint filed by Plaintiff is a new cause of action that was not necessarily required to be filed in State Court with the Foreclosure Action. The foreclosure action would only require causes of action as to the mortgage and note documents being erroneous or fraudulent or the debt disputed. However, the causes of action in this complaint have to do with malfeasance, quiet title, fraudulent collection practices, double litigation on the same Note and Mortgage, insurance proceeds conversion, fraudulently executed and robo-signed assignments of mortgage, missing Note and Mortgage documents, and conspiracy to defraud homeowner by misrepresentations. All of these causes of actions are ripe for consideration in this Court.

Third, it is impossible that both Bank of New York and J.P. Morgan Chase have the Note and Mortgage. Both parties started a foreclosure action, and both parties claim to collect on the Note and Mortgage. Thus, it is impossible for both to be rightful parties and one

*Evening and Sunday Appointments Available!*

must be liable. In such a case, *res judiciata* and Rooker-Feldman also do not apply as only one judgment exists as to one of the parties.

Fourth, Defendants' letter claims that they will prove their defenses, prove their case, and that the complaint itself is improperly plead. Litigation and a court action is exactly the forum to allow Defendants to prove their case. Additionally, the complaint does plead fraud specifically, bringing specific instances and actions that caused the fraud and conspiracy to defraud. All of the allegations were re-plead in a way separating them from the foreclosure action, thus making them new and no longer barred.

This cause of action goes directly that the alleged owners of the Note and Mortgage, the trust and trustee itself; along with alleged servicer or agents. These parties, the ones actually owners of the Note and Mortgage, were not involved in the foreclosure action. Plaintiffs have a right to litigate these claims, prove them, and be compensated for the wrongs committed by these parties. Even if there was never a foreclosure action filed Plaintiffs would have the ability to bring these claims in this Court.

These are the causes of action: (1) theft and fraud – wrongful collection on alleged debt; an action related to a foreclosure action but really only related if the foreclosure action was not *in rem* and asked for money damages, which it did not. (2) Insurance fraud and conversion of insurance check; a monetary cause of action unrelated to mortgage debt. (3) Wire fraud, also nothing to do with a foreclosure action. (4) credit slander; not only the wrongful foreclosure but the wrongful reporting to the credit agencies and ultimately the money lost due to bad credit, all indirectly unrelated to mortgage debt. (5) quite title; this has to do with Note and Mortgage but goes beyond the *in rem* relief, it cuts to proving who the actual and real parties are. (6) and (7) the mortgage fraud that do not rise to rescission and thus are beyond the scope of the *in rem* foreclosure action. (8) civil conspiracy to defraud; part of the allegations have to do with wrongful foreclosure action brought, but a lot of it has do with claims that were done during the litigation and therefore not tied directly to the action, and to practices that don't relate to the mortgage lien itself. Therefore, all of the causes of action survive and should be heard in this Court.

We thank the Court for its consideration.

                                                Very truly yours,

                                                _____
                                                David M. Schlachter

Cc:    Philip Scott
        Hon. Paul E Davidson
        Theodora D. Vasilatos, Esq. Zeichner Ellman & Krause LLP, Defendants' counsel

DMS/dms